IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD LEE MATTON,

    Petitioner,

v.        CASE NO. 3:07-cv-388-RV-AK

WALTER MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter[1] is before the Court on Doc. 1, petition for writ of habeas corpus, by Ronald Lee Matton. Respondent has filed an amended answer, Doc. 23, and Petitioner has filed a reply. Doc. 27. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

In October, 1989, Petitioner was sentenced by the Circuit Court of Hillsborough County, Florida, to 20 years imprisonment followed by 10 years probation for sexual battery and 10 years probation for kidnapping, to run concurrently. The offenses occurred on November 17, 1988.

On December 4, 1997, through the accumulation of gain time and time served, Petitioner reached his tentative release date, and he was released from custody to begin serving the

---

[1] This case was reassigned to the undersigned on October 2, 2008.

probation portion of his sentences.  In July, 1998, Petitioner was charged with a violation of probation for changing his residence without permission.  *Matton v. State*, 872 So.2d 308, 309 (Fla. Dist. Ct. App. 2004).  Petitioner admitted the violation, and therefore, his probation was revoked, and he was returned to prison with a new sentence.  Petitioner then filed a post-conviction challenge to the Department of Correction's calculation regarding credit for accrued gain time.  The motion was granted on appeal, *id*. at 312, and Petitioner was re-sentenced to a term of 30 years "with credit for all time previously served...in the Department of Corrections prior to resentencing."  This was to include "any unforfeited gain time" and also "allowed a total of 9 years as credit for time incarcerated before imposition of this sentence."  Doc. 24, App. E.  By the time the appeal was concluded in 2004, Petitioner was eligible for release.[2]

On July 21, 2004, Petitioner signed a temporary "Certificate of Conditional Release and Terms and Conditions of Supervision," indicating that he had "received certificates reflecting reporting instructions, terms and standard conditions of conditional release and subsequent pages delineating special conditions of conditional release" and that he acknowledged that he was subject to the terms and conditions of conditional release."  Doc. 24, App. C.  In fact, he signed the certificate in three separate places.  *Id*.  The certificate of release was reviewed with him again a month later, and he again signed it in multiple places.  *Id*.  The conditional release period was to last until April 8, 2020, or 5,740 days.  Doc. 24, App. E.

Less than nine months later, the Parole Commission issued a warrant for retaking conditional releasee, charging, *inter alia*, that Petitioner had changed his residence without

---

[2]Indeed, based on the appellate court's ruling, Petitioner was actually eligible for release in October, 2002.

permission from his supervising officer and that he had tampered with GPS equipment and had fled the area. Doc. 24, App. D. At the time of the warrant, Petitioner's "whereabouts [were] unknown, and he [was] considered an absconder by the Florida Dept. Of Corrections." *Id*. Petitioner was located in Rhode Island and arrested there. *Id*. He waived a final revocation hearing on the violations. *Id*. On June 15, 2005, the Commission revoked Petitioner's conditional release and returned him to the Department of Corrections "there to remain not to exceed his sentence or until further order of the Commission." *Id*. The Commission denied Petitioner an award of credit for the time he was on conditional release. *Id*.

When Petitioner was returned to custody, the Department of Corrections forfeited 5,740 days of gain time, which represented all of the gain time Petitioner had earned before his conditional release. *See* Fla. Stat. Ann. § 944.28(1) ("If...conditional release as described in chapter 947...granted to the prisoner is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned...by such prisoner prior to...his or her release under such...conditional release").

Petitioner unsuccessfully pursued his administrative remedies, challenging the gain time forfeiture, and then turned to state court for relief by filing a petition for writ of habeas corpus against the Department and the Commission. The state court denied the petition, finding, as to the Commission:

> [I]n accordance with Florida Statute 947.1405, Petitioner's sexual battery offense committed in November, 1988, combined with his prior felony incarceration, made him subject to conditional release supervision upon his release from prison until he completes his court imposed sentence in its entirety. Petitioner's thirty year sentence with credit for nine years served and unforfeited gaintime was not extinguished when he was released in 2004, six years after being sentenced upon

> violation of probation. Although Petitioner's gaintime was not subject to forfeiture upon violation of probation based on Green v. State, 547 So.2d 925 (Fla. 1989), it was not converted into time served. The Conditional Release Program Act mandates that certain repeat, violent offenders serve their court imposed sentences in full, either in prison or under supervision. Petitioner was properly placed under conditional release supervision and was properly returned to prison upon violating the conditions of supervision. Petitioner has not demonstrated entitlement to an immediate release.

Doc. 24, App. F (citation omitted). As to the Department, the court denied the petition, concluding that the Department "lawfully forfeited Petitioner's gain time earned prior to his conditional release violation including gain time earned on the original 20 year sentence. See Dowdy v. Singletary, 704 So.2d 1052 (Fla. 1998). Green v. State, 547 So.2d 925 (Fla. 1989) is not applicable to this situation." *Id*. The court of appeal then denied Petitioner's petition for writ of certiorari without written opinion. Doc. 24, App. L.

The instant petition followed. On this occasion, Petitioner claims: "Gain-time was forfeited from an expired 20 year sentence by an enacted statute that was after Petitioner's dated offense and the event was already on-going. The forfeited gain-time lengthened the duration of his sentence by this enacted sentence." Doc. 1. In short, Petitioner claims a violation of the Ex Post Facto Clause. *Id*.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law.  Instead, this Court must look to the specific holdings of Supreme Court cases themselves.  If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law.  *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary*

*for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation.  *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the

Court's] precedent." *Id*. at 406.

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)).  To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845.  In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c).  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Petitioner's argument begins with a flawed premise which was answered adversely to him by the state court, namely, that his sentences for sexual battery and kidnapping have expired.  Petitioner's sentences have not expired because he has never

completed them, as each time he was given the opportunity to complete the sentences in the free world, he violated the terms of his release.  *See Duncan v. Moore*, 754 So.2d 708 (Fla. 2000) (where, as matter of law, prisoner's sentence always included post-incarceration supervision, sentence does not expire when incarceration portion of sentence ends but "expires when the entire sentence, including the supervisory period, has been satisfactorily completed"); Fla. Stat. Ann. § 948.06 (when probation is revoked, court may impose any sentence it could have imposed at time offender was placed on probation).

Since he had been convicted of a sexual battery which occurred after October 1, 1988, and he had at least one prior felony conviction,[3] Petitioner, like the prisoner in *Duncan*, was subject to Fla. Stat. Ann. § § 944.291[4] and 947.1405[5] and could only be released on conditional release with supervision by the Florida Parole Commission. "Conditional Release...is *not* an early release program.  Conditional Release is an *extra* post-prison probation-type program."  *Evans v. Singletary*, 737 So.2d 505, 507 (Fla.

---

[3]Petitioner had two prior felony convictions for grand theft and escape.  Doc. 14, App. D.

[4]Pursuant to § 944.291, a prisoner who has served his term of imprisonment less allowable gain time "shall, upon release, be placed under further supervision and control of the department."  Fla. Stat. Ann. § 944.291(1).  Furthermore, any prisoner who is convicted of a Category 2 offense which occurred on or after October 1, 1988, and who has at least one prior felony commitment "may only be released under conditional release supervision."  *Id*. at § 944.291(2).

[5]Section 947.1405 provides, in pertinent part, that an inmate who has been convicted of a Category 2 offense which occurred on or after October 1, 1988, and who has at least one prior felony commitment "shall, upon reaching the tentative release date...be released under supervision."  Fla. Stat. Ann. § 947.1405(2).

1999) (emphasis in original).  Because Petitioner was convicted of sexual battery, he falls into that category of "more 'at risk' inmates," *Duncan*, 754 So.2d at 710, who, "after having served a prior commitment to prison, should receive supervision after release." *Duncan*, 754 So.2d at 710.  "[W]hen an inmate is released due to gain time from a sentence that is eligible for Conditional Release, instead of going free as other offenders would do...these offenders are placed on supervision for the amount of time equal to the gain time they have accrued."  *Evans*, 737 So.2d at 507.

Also effective in 1988, before the commission of the crimes for which Petitioner was incarcerated, the gain-time forfeiture statute was amended to allow the Department of Corrections to forfeit, without notice or hearing, in the case of a prisoner whose conditional release is revoked, all gain time earned before his conditional release.  *See* Fla. Stat. Ann. § 944.28(1); *see also* 1988 Fla. Sess. Law Serv. 88-122 (West).  "To fall within the *ex post facto* prohibition, a law must be retrospective–that is, 'it must apply to events occurring before its enactment,'–and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime...."  *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted).  Here, there are no retrospective laws at all, as each of the statutes at issue either took effect before November 17, 1988, or applied only to crimes committed after October 1, 1988.[6]  In any event, Petitioner fell within the terms of the statutes without any retrospective application to him.

---

[6] Petitioner's repeated reliance on *Green* is completely misplaced as the *Dowdy* court explained.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *22nd*  day of June, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**